**MELISSA A. MEISTER (SBN 296744)**
KAUFMAN DOLOWICH LLP
11111 Santa Monica Blvd., Suite 850
Los Angeles, CA 90025
Telephone: (310) 775-6511
Email: melissa.meister@kaufmandolowich.com

Attorneys for Defendant
FOODCHAIN ID GROUP, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| JESSICA BADEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FOODCHAIN ID GROUP, INC.,<br><br>Defendant. | Case No. 5:26-cv-02859-SSS (SPx)<br><br>**DEFENDANT FOODCHAIN ID GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; AFFIRMATIVE DEFENSES; AND DEMAND FOR JURY TRIAL**<br><br>Hon. Sunshine S. Sykes<br>Magistrate Judge Sheri Pym<br><br>Complaint Filed: May 26, 2026<br>Trial Date: None Set |

Defendant FoodChain ID Group, Inc. ("Defendant" or "FoodChain"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Jessica Baden ("Plaintiff") as follows. Because the Complaint is not set forth in numbered paragraphs, Defendant responds to Plaintiff's allegations under the headings, and in the sequence, in which they appear in the Complaint. Except as expressly admitted below, Defendant denies each and every allegation contained in the Complaint and further denies that Plaintiff has been injured or damaged in any amount, or is entitled to any relief whatsoever.

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## I.    THE PARTIES

1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's place of residence and citizenship, and on that basis denies them.

2.    Defendant admits that Plaintiff applied and was considered for a position with Defendant.

3.    Defendant admits that it is a private company whose principal place of business is in Fairfield, Iowa and whose state of incorporation is Delaware.

4. Defendant admits that it is an employer within the meaning of Title VII of the Civil Rights Act of 1964 and the Pregnant Workers Fairness Act ("PWFA"). Defendant admits that, at all relevant times, it employed a number of employees sufficient to render it subject to those statutes.

5.    Except as expressly admitted, Defendant denies the remaining allegations under this heading, including the characterization of Plaintiff as a "qualified applicant," to the extent that phrase is intended to state or imply any legal conclusion or entitlement.

## II.    JURISDICTION AND VENUE

6.    Defendant admits that Plaintiff purports to assert claims under Title VII and the PWFA, and that this Court has subject-matter jurisdiction over such federal claims.

/ /

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

7.    Defendant does not contest that venue is proper in this District for purposes of this action.

8.    Except as expressly admitted, Defendant denies the remaining allegations under this heading and specifically denies that it engaged in any conduct giving rise to liability.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.    Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 443-2024-02929; that the EEOC issued a Letter of Determination dated September 17, 2025; and that the EEOC issued a Notice of Right to Sue dated May 18, 2026. Defendant respectfully refers the Court to those documents for their true and complete contents and denies any characterization inconsistent therewith. Defendant denies the truth of the EEOC's findings and denies that any such finding is binding upon this Court or constitutes evidence of any violation of law.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's communications with Defendant regarding positions purportedly available in the fall of 2024, and on that basis denies them.

11.    Except as expressly admitted, Defendant denies the remaining allegations under this heading, including the allegation that any job offer was "rescinded."

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

12. To the extent Plaintiff's claims exceed the scope of the administrative charge, Defendant denies that Plaintiff has exhausted her administrative remedies.

## IV. <u>FACTUAL ALLEGATIONS</u>

### *The Hiring Process*

13. Defendant admits that Plaintiff applied for a position as a Contracts Administrator with Defendant on or about March 2024.

14. Defendant admits that Plaintiff participated in two (2) interviews for that position with Defendant on or about April 2024.

15. Defendant further admits that Defendant further admits that, on or about May 14, 2024, Defendant's Director, Legal and Contracts, Paul Reed, emailed Plaintiff and stated that Defendant's Human Resources team had "been trying to reach out . . . with an offer."

16. Except as expressly admitted, Defendant denies the remaining allegations under this heading.

### *The Pregnancy Disclosure*

17. Defendant admits that, on May 17, 2024, three days after Mr. Reed's initial email and after Mr. Reed sent another email inquiring whether Plaintiff was still interested in the position, Plaintiff disclosed that she was in her "third trimester of pregnancy" and "very close" to her due date.

18. Defendant denies that it ever extended a job offer to Plaintiff and therefore denies that it "rescinded" any job offer.

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

19.    Defendant specifically denies that Plaintiff's pregnancy was a factor in, or had any bearing upon, any employment decision concerning Plaintiff.

20.    Except as expressly admitted, Defendant denies each and every remaining allegation under this heading.

***Defendant's Shifting Explanations***

21.    Defendant denies the allegations under the heading "Defendant's Shifting Explanations," including the allegations that Defendant offered "shifting" or "pretextual" justifications and that the "real reason" for any employment decision was Plaintiff's pregnancy.

22.    To the extent the allegations under this heading purport to describe statements made during, or in connection with, the parties' EEOC mediation in January 2025, Defendant objects to those allegations on the ground that they describe confidential communications made in the course of mediation and settlement negotiations, which are inadmissible and protected from disclosure under Federal Rule of Evidence 408, the confidentiality provisions governing the EEOC's mediation program, and the parties' agreement; no response to such allegations is required, and Defendant respectfully submits that those allegations are subject to being stricken.

23.    To the extent any response is required, Defendant denies the allegations. Defendant admits only that the position was filled by another candidate.

/ /

/ /

5

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

24.    Except as expressly admitted, Defendant denies each and every remaining allegation under this heading, and specifically denies that the start date of any candidate evidences pretext or any unlawful motive.

**Failure to Accommodate**

25.    Defendant denies the allegations under the heading "Failure to Accommodate." Answering further, Defendant affirmatively states that Plaintiff was an applicant who was never employed by Defendant, that Plaintiff never requested any accommodation, and that Plaintiff never identified any known limitation arising out of pregnancy, childbirth, or a related medical condition. Defendant denies that it violated the PWFA or any other law.

**Systemic Policy Issues**

26.    Defendant denies the allegations under the heading "Systemic Policy Issues." Defendant respectfully refers the Court to its written equal employment opportunity policies for their true and complete contents and denies any characterization inconsistent therewith. Defendant denies that any policy omitted, or failed to prohibit, discrimination on the basis of pregnancy, and denies that the content of, or any change to, any policy or website evidences any unlawful conduct, discriminatory motive, or consciousness of wrongdoing. To the extent Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegation under this heading, Defendant denies that allegation on that basis.

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

# V.    <u>CLAIMS FOR RELIEF</u>

*Claim One: Pregnancy Discrimination — Title VII (42 U.S.C. § 2000e(k))*

27.    Answering the allegation that Plaintiff "incorporates all preceding paragraphs," Defendant incorporates by reference each of its foregoing responses as though fully set forth herein.

28.    Defendant denies each and every allegation set forth under the heading "Claim One," and specifically denies that it discriminated against Plaintiff because of her pregnancy, that it rescinded any job offer, that it offered any "shifting" or pretextual explanation, and that the real reason for any employment decision was Plaintiff's pregnancy. Defendant denies that it violated Title VII and denies that Plaintiff is entitled to any relief on Claim One.

*Claim Two: Failure to Accommodate — PWFA (42 U.S.C. § 2000gg et seq.)*

29.    Answering the allegation that Plaintiff "incorporates all preceding paragraphs," Defendant incorporates by reference each of its foregoing responses as though fully set forth herein.

30.    Defendant denies each and every allegation set forth under the heading "Claim Two," and specifically denies that it failed to engage in any required discussion of reasonable accommodation, that it rescinded any job offer, and that it violated the PWFA. Defendant denies that Plaintiff is entitled to any relief on Claim Two.

/ /

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## VI.   **DAMAGES**

31.   Defendant denies each and every allegation set forth under the heading "Damages." Defendant denies that Plaintiff has suffered any injury, loss, or damage as a result of any act or omission of Defendant; denies that Plaintiff is entitled to back pay, lost benefits, emotional distress damages, punitive damages, or any other damages or relief, whether in the amounts alleged or in any amount; and denies the amounts alleged.

32.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's subsequent employment, earnings, benefits, medical expenses, leave, and personal circumstances, and on that basis, denies them.

33.   To the extent the allegations concerning punitive damages rely upon statements purportedly made during the parties' mediation, Defendant objects and incorporates its objection set forth above. Defendant specifically denies that it acted with malice or with reckless indifference to any federally protected right of Plaintiff.

## VII.   **PRAYER FOR RELIEF**

34.   Answering the Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever, whether in the amounts alleged or in any amount.

## VIII.   **JURY DEMAND**

35.   The allegation set forth under the heading "Jury Demand" states a demand to which no response is required.

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any of them, and reserving the right to amend or supplement these defenses as discovery proceeds, Defendant asserts the following separate and additional defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each purported claim for relief alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Legitimate, Non-Discriminatory Reasons)

Any employment decision concerning Plaintiff was made for legitimate, non-discriminatory, and non-retaliatory business reasons, including but not limited to the fact that Plaintiff was highly non-responsive to Defendant's efforts to extend an offer of employment.

### THIRD AFFIRMATIVE DEFENSE
### (Same Decision)

Defendant would have made the same employment decision concerning Plaintiff for legitimate, non-discriminatory reasons regardless of Plaintiff's pregnancy or any other protected characteristic or activity, and Plaintiff's recovery is therefore barred or limited.

/ /

9

## FOURTH AFFIRMATIVE DEFENSE
### (No Adverse Action / No Offer)

Plaintiff's claims are barred because Defendant did not extend, and therefore did not rescind, any offer of employment, and Plaintiff was not subjected to any adverse employment action by Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (No Request for Accommodation / No Known Limitation)

Plaintiff's PWFA claim is barred because Plaintiff was not an employee of Defendant, never requested any accommodation, and never identified any known limitation arising out of pregnancy, childbirth, or a related medical condition.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of, or were not asserted in, the administrative charge, or to the extent Plaintiff failed to satisfy applicable administrative prerequisites to suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations and Timeliness)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and administrative filing deadlines.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's recovery, if any, is barred or reduced to the extent she failed to exercise reasonable diligence to mitigate her alleged damages.

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## NINTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

Plaintiff's recovery, if any, is barred or limited by the doctrine of after-acquired evidence.

## TENTH AFFIRMATIVE DEFENSE
### (Offset and Setoff)

Any recovery by Plaintiff must be offset and reduced by all amounts Plaintiff earned, or in the exercise of reasonable diligence could have earned, and by all compensation, benefits, or other amounts received from collateral or other sources.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

Plaintiff's claims are barred or limited to the extent her alleged damages were caused by her own conduct or by her failure to avoid the consequences of any alleged harm.

## TWELFTH AFFIRMATIVE DEFENSE
### (Inadmissible Settlement and Mediation Communications)

Plaintiff's allegations and claims are barred, and subject to being stricken, in whole or in part, to the extent they rely upon statements or conduct occurring during, or in connection with, mediation or settlement negotiations, which are confidential and inadmissible under Federal Rule of Evidence 408, the confidentiality provisions governing the EEOC's mediation program, and the parties' agreement.

/ /

/ /

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith / No Malice)

Plaintiff is not entitled to punitive damages because Defendant at all times acted in good faith and made good-faith efforts to comply with Title VII and the PWFA, and did not act with malice or with reckless indifference to any federally protected right of Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statutory Limitations on Damages)

Plaintiff's recovery of compensatory and punitive damages is limited by the applicable statutory caps, including those set forth in 42 U.S.C. § 1981a.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Causation / Intervening Causes)

Any injury or damage allegedly suffered by Plaintiff was caused, in whole or in part, by persons, conduct, or factors other than Defendant, including superseding or intervening causes for which Defendant is not responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

Plaintiff's alleged damages are speculative, uncertain, and not recoverable.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Constitutional Limitations on Punitive Damages)

Any award of punitive damages against Defendant would violate Defendant's rights under the United States Constitution, including the Due Process Clause of the Fifth and Fourteenth Amendments.

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as-yet-unstated defenses, and therefore reserves the right to assert additional affirmative defenses as they become known through the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant FoodChain ID Group, Inc. prays for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. That the Complaint be dismissed in its entirety, with prejudice;

3. That judgment be entered in favor of Defendant and against Plaintiff on each and every claim;

4. That Defendant be awarded its costs of suit incurred herein, including reasonable attorneys' fees to the extent permitted by law; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 23, 2026              KAUFMAN DOLOWICH & VOLUCK LLP


                                  By: _____
                                      MELISSA A. MEISTER
                                      Attorneys for Defendant(s)
                                      FOODCHAIN ID GROUP, INC.

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES