**MELISSA A. MEISTER (SBN 296744)**
KAUFMAN DOLOWICH LLP
11111 Santa Monica Blvd., Suite 850
Los Angeles, CA 90025
Telephone: (310) 775-6511
Email: melissa.meister@kaufmandolowich.com

Attorneys for Defendant
FOODCHAIN ID GROUP, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JESSICA BADEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FOODCHAIN ID GROUP, INC.,<br><br>Defendant. | Case No. 5:26-cv-02859-SSS (SP)<br><br>**JOINT RULE 26 (f) Report**<br><br>**Date: September 4, 2026**<br>**Time: 1:00 pm**<br><br>Held Via Zoom Video Conference |

Plaintiff Jessica Baden ("Plaintiff") and Defendant FoodChain ID Group, Inc. ("Defendant" or "FoodChain") submit a Joint Report pursuant to Federal Rule of Civil Procedure 26 (f), Central District Local Rule 26-1 and the Court's Order Setting Scheduling Conference (ECF. No. 13).

## A. STATEMENT OF THE CASE

### 1. Plaintiff's Position

Plaintiff alleges that after four interviews for a remote Contracts Administrator position, FoodChain indicated on or about May 15, 2024 that it intended to extend an offer. She alleges that she thereafter disclosed her pregnancy and that FoodChain discontinued the hiring process. Plaintiff asserts pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 and failure to accommodate in violation of the Pregnant Workers Fairness Act ("PWFA").

### 2. Defendant's Position

FoodChain denies that any offer of employment was ever extended to Plaintiff and therefore denies that any offer was "rescinded." Defendant contends Plaintiff was an applicant who was never employed, never requested an accommodation, and never identified any known limitation arising out of pregnancy, childbirth or a related medical condition. FoodChain's decision not to move forward with Plaintiff's candidacy was made for legitimate, non-discriminatory reasons, including but not limited to Plaintiff's non-responsiveness to Defendant's repeated efforts to reach her, and Defendant would have made the same decision regardless of pregnancy. Defendant anticipates making a dispositive motion on these grounds at the conclusion of discovery.

## B. SUBJECT MATTER JURISDICTION

Federal question jurisdiction exists under 28 U.S.C. § 1331. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 and the PWFA.

## C. LEGAL ISSUES

The parties anticipate that the key legal issues in this case will be:

- The circumstances surrounding Plaintiff's application for employment and Defendant's attempts to communicate with her;
- Whether Defendant extended and/or rescinded, an offer of employment;
- Whether Plaintiff was subjected to any adverse action;

- Whether pregnancy was a factor in any decision made by Defendant;
- Whether Defendant would have made the same decision regardless of pregnancy;
- Whether the PWFA applies to an applicant who was never employed and never requested an accommodation;
- Whether Plaintiff suffered any damages as a result of the alleged adverse action;
- Plaintiff's damages and efforts to mitigate her damages.

**D. PARTIES AND EVIDENCE**

The parties are Plaintiff Jessica Baden, who is proceeding pro se, and Defendant FoodChain ID Group, Inc., a Delaware corporation with its principal place of business in Fairfield, Iowa.

Plaintiff's anticipated witnesses are Paul Reed, Defendant's Director of Legal and Contracts; Camille Dhennin, Defendant's Talent Acquisition and Benefits Lead; and a Paycom records custodian. Paycom is a third-party service provider of human resources and payroll services used by the Defendant during the relevant time period. Plaintiff anticipates that she will conduct three to four depositions, including a 30(b)(6) deposition of FoodChain. At this time, Defendant's only anticipated witness is Plaintiff.

**E. SERVICE OF COMPLAINT**

Plaintiff served FoodChain with the summons and complaint. There are no other anticipated defendants in this action.

**F. DAMAGES**

Plaintiff seeks the amounts pleaded in her Complaint: back pay $25,000; lost benefits $10,000; emotional distress $50,000; and punitive damages $65,000 (total $150,000). Plaintiff is seeking garden variety emotional distress damages. Defendant denies that Plaintiff suffered any injury or is entitled to any damages, denies liability, and asserts that any recovery is subject to statutory caps and proof of mitigation.

**G. INSURANCE**

Defendant does have applicable Employment Practices and Liability Insurance that fully covers the damages asserted by Plaintiff. To Defendant's knowledge, there has been no reservation of rights asserted.

**H. MOTIONS**

Plaintiff and Defendant do not anticipate filing any motions to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**I. DISPOSITIVE MOTIONS**

Defendant anticipates that it will file a Motion for Summary Judgment and/or Summary Adjudication. Defendant also anticipates filing motions in limine.

**J. MANUAL FOR COMPLEX LITIGATION**

The parties agree that none of the procedures of the Manual for Complex Litigation should be used in this matter.

**K. STATUS OF DISCOVERY**

No discovery has been propounded to date.

**L. DISCOVERY PLAN**

No changes to the timing or form of Rule 26(a) disclosures are presently proposed. The initial disclosures will be exchanged on or about August 28, 2026. Discovery subjects include the hiring process and communications, the alleged offer of employment and alleged rescission thereof, Defendant's anti-discrimination policies, and Plaintiff's damages and efforts towards mitigation.

The parties anticipate a total of four to five depositions, including a Fed. R. Civ. P. 30(b)(6) deposition, and a likely third-party subpoena to Paycom for applicant-tracking and hiring data. The parties do not presently foresee a need for phased discovery. Plaintiff foresees potential ESI issues with the Paycom data as well as internal communications. Defendant does not presently foresee that any issues are likely to arise regarding the disclosure of electronically stored information.

The parties have agreed to enter into a protective order for the production of confidential, proprietary, and/or private information. The parties have also agreed to electronic service.

**M. FACT DISCOVERY CUT-OFF**

The parties propose the following fact discovery cut-off date: July 30, 2027.

**N. EXPERT DISCOVERY**

The parties do not presently anticipate expert witnesses. Proposed dates are included on the Worksheet in the event experts are designated.

**O. SETTLEMENT CONFERENCE/ADR**

The parties previously participated in an EEOC settlement conference/mediation, which did not resolve the matter. The parties request ADR before a Magistrate Judge or the Court Mediation Panel (Options 1 or 2).

**P. TRIAL ESTIMATE**

The parties estimate a three-to-four-day jury trial with Plaintiff taking two to three days and Defendant taking one to two days. The parties propose a trial date in November 2027.

**Q. TRIAL COUNSEL**

Trial counsel for Defendant shall be Melissa A. Meister of Kaufman Dolowich LLP. Plaintiff is appearing pro se in this matter.

**R. INDEPENDENT EXPERT OR MASTER**

The parties do not anticipate a need for an independent expert or master at this time.

**S. SCHEDULE WORKSHEET**

The parties have attached hereto a completed Schedule of Pretrial and Trial Dates Worksheet

**T. CLASS ACTION**

Not applicable.

**U. <u>OTHER ISSUES</u>**

The parties anticipate possible third-party discovery, including issuing subpoenas to Paycom, and have agreed to an electronic mail (email) service arrangement in order to bypass issues Plaintiff has experienced receiving mail. No other management issues are known at this time.

Dated: August 21, 2026

KAUFMAN DOLOWICH LLP

By: ______________________
MELISSA A. MEISTER
Attorneys for Defendant(s)
FOODCHAIN ID GROUP, INC.

By: /s/ *Jessica Baden*
JESSICA BADEN
Pro Se Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on **August 21, 2026**, I electronically filed the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court for the United States District Court, Central District of California, using the CM/ECF system.

I further certify that a true and correct copy of the foregoing document was served on the following pro se party by electronic mail, pursuant to the parties' agreed-upon service arrangement:

Jessica Baden [badenjessica@gmail.com] *Plaintiff, Pro Se*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 21, 2026

KAUFMAN DOLOWICH LLP

By: ______________________________
MELISSA A. MEISTER
Attorneys for Defendant(s)
FOODCHAIN ID GROUP, INC.

4935-0973-6393, v. 1